IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**RONNIE TOWNSEND,**

**Plaintiff**

v.

2:06cv564-MHT-CSC

**CAPTAIN ATWOOD &**
**LIEUTENANT COPELAND,**

**DEMAND FOR JURY TRIAL**

**Defendants**

## COMPLAINT

1. Plaintiff alleges that on, or about, June 24, 2004, the defendants caused him injury by subjecting him to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment.

2. This Court has jurisdiction over this action pursuant to 42 U.S.C. §1983 and 28 U.S.C. §1367.

3. At all times relevant to this action, defendants were both employees of the State of Alabama Department of Corrections (DoC) at the Staton Correctional Facility in Elmore, Alabama in the Middle District of Alabama. They were acting under color of state law in that capacity. They are sued in their individual capacities.

4. On said date and time, plaintiff was ordered by defendants to board a truck that was to take him to a farm to work. Plaintiff did not want to go and argued with defendants against going. Eventually, defendants threw him bodily into the bed of the truck. The truck did not have restraints or seats.

5. Plaintiff continued to argue, but never at any time threatened or carried out any

physical violence, about why he was being forced to go to the farm and was standing up in the back of the truck. Defendants ordered the sergeant who was driving the truck to leave and the truck moved suddenly, throwing plaintiff out of the truck onto the ground where he fell on his right shoulder. Lt. Copeland kicked plaintiff while he was laying on the ground.

6. After he fell, plaintiff was kept in the port where the truck had been parked for approximately 30-40 minutes, despite the need he had for medical attention. He was eventually forced to walk to the institutional hospital while he was in pain from being thrown from the truck and landing on his shoulder, thus intensifying the pain. He did not get to the hospital for approximately one hour following his fall.

7. The actions taken by the defendants in making the truck leave while plaintiff was standing in the back were deliberately indifferent to a clear danger of injury and the proximate cause of the injuries he suffered in his fall.

8. There was no purpose served by Lt. Copeland kicking plaintiff after his fall and that act was carried out not for the purpose of maintaining or restoring order, but with the intention of causing pain and suffering.

## FIRST CAUSE OF ACTION

9. Plaintiff adopts and incorporates the preceding allegations.

10. Defendants, by acting in the manner described, violated plaintiff's constitutional right to be free from cruel and unusual punishment.

**WHEREFORE,** plaintiff demands such compensatory and punitive damages as a jury may award plus his costs.

## SECOND CAUSE OF ACTION

11. Plaintiff adopts and incorporates the preceding allegations.

12. The kicking by Lt. Copeland constitutes assault and battery under the law of the State of Alabama.

**WHEREFORE,** plaintiff demands such compensatory and punitive damages as a jury may award plus his costs.

### THIRD CAUSE OF ACTION

13. Plaintiff adopts and incorporates the preceding allegations.

14. Defendants' actions were wanton under the common law of the State of Alabama.

**WHEREFORE,** plaintiff demands such compensatory and punitive damages as a jury may award plus his costs.

*Ronnie Townsend*
Ronnie Townsend
AIS 121142
Donaldson Correctional Facility
100 Warrior Lane
Bessemer, AL 35023-7299

*PLAINTIFF DEMANDS TRIAL BY JURY*