**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **RONNIE TOWNSEND** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )  **2:06-CV-564-MHT-CSC** |
| **CAPTAIN "ATWOOD", et al.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |

## SPECIAL REPORT

COMES NOW the Defendant, Lt. Willie Copeland, by and through undersigned counsel, and in accordance with this Honorable Court's June 28, 2006, Order, he offers the following written report.

## PARTIES

1. The Plaintiff, Ronnie Townsend, former inmate of the Alabama Prison System.

2. Defendant Willie Copeland is presently employed as a Correctional Officer Supervisor I with the Alabama Department of Corrections at the Staton Correctional Facility.

3. Plaintiff has named, and Staton Correctional Facility accepted service for, a "Captain Atwood". No such person exists. This office cannot defend a non-existent person; therefore this Special Report addresses the claims against the only known defendant in this action.

## EXHIBITS

EXHIBIT 1 – Affidavit of Lt. Willie Copeland.

EXHIBIT 2 – Affidavit and attachments of Officer Annie Latimore

## PLAINTIFF'S CLAIMS

Plaintiff admits that he was given a direct order to board a truck for farm duty. Complaint ¶ 4. Plaintiff further admits that he attempted to disobey that direct order by "arguing" with Lt. Copeland. Complaint ¶ 4. Plaintiff then claims that after entering the back of the truck, Lt. Copeland ordered the truck to leave causing Plaintiff to be thrown from the truck. Plaintiff further asserts that Lt. Copeland kicked plaintiff while plaintiff was on the ground and then delayed plaintiff's receipt of medical attention for approximately 1 hour. Plaintiff incorrectly states that the date of the incident was June 24, 2004, when in fact, the incident occurred one month earlier on May 24, 206.

## DEFENDANTS' RESPONSE

1.    The Defendant denies that he violated the Plaintiff's constitutional rights.

2.    The Defendant denies each and every material allegation not specifically admitted herein and demands strict proof thereof.

3.    Plaintiff's claims are barred by the applicable statute of limitations.

4.    The Plaintiff has failed to state a claim upon which relief may be granted.

5.    The Defendant is immune from suit under the Eleventh Amendment to the United States Constitution.

6.    The Defendant is immune from suit due to qualified immunity.

7.    The Defendant is entitled to state agent immunity.

8.    The Defendant is entitled to sovereign immunity under Article 1, § 14 of the

Alabama Constitution (1901).

## STATEMENT OF FACTS

On May 24, 2004, Plaintiff was assigned to Staton's Farm Squad #12.  Inmates

assigned to Farm Squads are instructed to report to the back gate at 7:00 each morning

whether their squad checks out or not.  On this day, Plaintiff failed to report to the back

gate with his assigned squad.  Lt. Copeland escorted Plaintiff from Plaintiff's assigned

living quarters to the back gate.  Inmates that miss their scheduled check out time are

transported to their assigned squad via a state vehicle.  Lt. Copeland ordered Plaintiff to

get onto the state vehicle.  Plaintiff got onto the vehicle with the assistance of Lt.

Copeland.  Once the vehicle began pulling off, Plaintiff leapt from the truck.  After

leaping from the truck, Plaintiff stated, "I told y'all I wasn't going to no damn farm!"

Plaintiff was then returned back to the back gate sallyport area and was advised by Lt.

Copeland that he would be receiving disciplinary action for failing to obey a direct order

and intentionally creating a security, safety, or health hazard.  At no time did Lt.

Copeland kick plaintiff as alleged.  See, Exhibits 1 & 2.

After jumping from the truck and being informed of disciplinary action being

taken against him, Plaintiff was taken to the Health Care Unit for a body chart.  Plaintiff

was examined that same day, May 24, 2004, and found to be in good condition.  A

hearing was conducted on May 26, 2004, to address the disciplinary charges against

Plaintiff.  Plaintiff refused to sign a copy of the disciplinary report, refused to provide a

written statement of events regarding the incident to the Hearing Officer, and despite

being specifically asked by the hearing officer to provide a verbal statement of the

incident at the hearing, plaintiff refused to do so.  Having completely failed to present

any evidence whatsoever, despite being specifically requested to do so by the hearing

officer, Plaintiff was found guilty of a major rules violation and disciplined accordingly.

The findings against Plaintiff were entered on May 28, 2004.   See, Exhibit 2.

## **ARGUMENT**

Plaintiff's complaint was deemed filed by this court on June 24, 2006.   All

records demonstrate that the incident made the basis of Plaintiff's complaint occurred on

May 24, 2004.  Plaintiff has filed this action for personal injury on the basis of 42 U.S.C.

§1983, Alabama's law of assault and battery, and Alabama's law of wantonness.   As this

court noted in *Tarver v. Robertson,* Not Reported in F.Supp.2d, 2005 WL 1331260 (M.D.

Ala. 2005):

> While there is no express period of limitations in the Civil
>
> Rights Act, federal courts generally apply the most
>
> appropriate state statute of limitations to a claim filed under
>
> 42 U.S.C. § 1983. *See Wilson v. Garcia,* 471 U.S. 261, 105
>
> S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Burnett v. Grattan,* 468
>
> U.S.  42,  104  S.Ct.  2924,  82  L.Ed.2d  36  (1984).
>
> Federal courts must look to state law to determine, first,
>
> what  statute  of  limitations  is  applicable,  and  second,
>
> whether that limitations period is tolled. *Whitson v. Baker,*
>
> 755  F.2d  1406. 1409  (11th  Cir.1985).   Alabama  law
>
> provides that the applicable limitations period is the one in
>
> effect when the claim is filed, not when the cause of action

arose. *Tyson v. Johns Manville Sales Corp.,* 399 So.2d 263, 269-70 (Ala.1981). *Dukes v. Smitherman,* 32 F.3d 535, 537 (11th Cir.1994). Alabama's general two year statute of limitations for personal injury actions is the most applicable to the case at bar. *Ala.Code* § 6-2-38(1). *See Owens v. Okure,* 488 U.S. 235, 249-250, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum,* 956 F.2d 1104, 1105 (11th Cir.1992).

*Tarver,* 2005 WL 1331260 at p. 1 (M.D. Ala. 2005). Plaintiff filed this cause of action two years and one month following the date of the incident made the basis of his complaint. Plaintiff's claims are barred by the applicable statute of limitations.

Assuming for the sake of argument that Plaintiff's claims are not time barred, the defendant is nonetheless entitled to summary judgment. To survive Lt. Copeland's properly supported motion for summary judgment, the plaintiff must produce some evidence supporting his constitutional claim. *See Celotex v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). He must "go beyond the pleadings and ··· designate 'specific facts showing that there is a genuine issue for trial." ' *Id.* at 324. A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout,* 65 F.3d 912 (11 Cir.1995); *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11 Cir.1984). Consequently, when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex,* 477 U.S. at 322; *Barnes v. Southwest Forest Indus. Inc.,* 814 F.2d 607 (11 Cir.1987). Where all the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex,* 477 U.S. at 322; *Everett v. Napper,* 833 F.2d 1507, 1510 (11 Cir.1987). Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford,* 906 F.2d 667, 670 (11 Cir.1990).

Plaintiff's claims against Lt. Copeland in his official capacity must fail because Lt. Copeland is entitled to immunity pursuant to the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."  The Amendment not only bars suits against a state by citizens of another state, but it also bars suits against a state by that state's own citizens. See *Edelman v. Jordan*, 415 U.S. at 663, 94 S. Ct at 1347 and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890).  Lt. Copeland was acting within the scope of his official duties in this instance on behalf of the State of Alabama.  Therefore, Plaintiff brings suit against the State of Alabama.  The State of Alabama has not waived its immunity or consented to the filing of such a suit.  Lt. Copeland in his official capacity is absolutely immune from suit in this instance.  U.S. Const. amend. 11; Art. I, §

14, Ala. Const. (The State of Alabama shall never be made a defendant in any court of law or equity); see also *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (a claim against a state official in his official capacity is a claim against the state). All claims against the Lt. Copeland in his official capacity are due to be dismissed.

Plaintiff's claims against Lt. Copeland in his individual capacity fail based on qualified immunity, which "protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998), quoting *Lassiter v. Alabama A&M Univ., Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994). Monitoring, disciplining and restraining violent inmates are dangerous undertakings that require the use of discretion. Therefore, Plaintiff must allege a valid violation of his constitutional rights, and show that the Defendant knew that his actions violated clearly established law. Plaintiff's allegations of cruel and unusual punishment, even if proven, show nothing more than *de minimis* injury. See, Body Chart, attached to Exhibit 3. The Plaintiff has failed to prove any act or injury that rises to a constitutional violation of his rights as a prisoner. The Defendants are therefore entitled to qualified immunity.

Plaintiff's claim that Lt. Copeland violated his Eighth Amendment rights is without merit. Plaintiff alleges without any supporting evidence whatsoever that Lt. Copeland ordered the truck to leave causing Plaintiff to fall from the truck and the proceeded to kick Plaintiff while he was on the ground. All of the evidence in this matter, as well as all of the evidence gathered in the hearing on Plaintiff's disciplinary matter conclusively demonstrate that Plaintiff jumped from the truck in an effort to avoid

work, and the allegation that Lt. Copeland kicked plaintiff is completely fabricated. While the plaintiff's narrative history of the injury to the nurse at the HCU alleges that he fell from the truck, there is no mention by plaintiff of being kicked by Lt. Copeland. In short, there is simply no evidence to support Plaintiff's bare allegation.

To state a valid excessive force claim, an inmate's injuries need not be significant, but must be more than *de minimis*. *Harris v. Garner*, 190 F.3d 1279, 1287 (11th Cir.); modified in part by *Harris v. Garner*, 216 F. 3d 970 (2000). Plaintiff's Complaint alleges no injury upon which he can base a valid excessive force claim.

The Eleventh Circuit follows a two part test to determine whether a plaintiff has established a valid excessive force claim. *Lanier v. Fralic*, No. Civ.A.98-0923AHL, 2000 WL 1844679 *4 (11th Cir. 2000). The test has an objective and subjective component. Id. PLaintiff's excessive force claim cannot be maintained unless he establishes:

1. That he suffered injury that was objectively harmful enough to establish a constitutional violation, and

2. That subjectively, defendant acted maliciously or sadistically to cause the plaintiff harm.

The Eleventh Circuit has observed that injuries resulting from similar usage of force alleged by Plaintiff are too minor to support the objective prong of the excessive force test. *Lanier* at *5 n.5. (citing as *de minimis* injuries: Markiewicz v. Washington, 1999 WL 196596 (7th Cir.1999) (a bruised shoulder from being shoved into a wall); *Siglar v. Hightower*, 112 F.3d 191 (5th Cir.1997) (a sore, bruised ear lasting three days); *Williams v. Dehay*, 1996 WL 128422 (4th Cir.1996) (transitory back and shoulder aches of limited duration); *Schoka v. Swinney*, 1995 WL 251126 (9th Cir.1995) (a 1.5 inch

scratch on the back of the hand from handcuffs); *Riley v. Dotson*, 115 F.3d 1159 (4th Cir.1997) (a welt from a slap on the face); *Lunsford v. Bennett*, 17 F.3d 1574 (7th Cir.1994) (daily headaches without treatment from being hit with a water bucket); *Norman v. Taylor*, 25 F.3d 1259 (4th Cir.1994) (A sore and swollen thumb from being hit with keys)). See also *Santiago v. Semenza*, 965 F. Supp. 468, 472 (S.D.N.Y. 1997) (holding that an officer's striking an insubordinate prisoner in the face causing bruising was not excessive force). Plaintiff's allegations of injuries are *de minimis*, and his excessive force claim fails and Lt. Copeland is entitled to summary judgment.

## **CONCLUSION**

There are no genuine issues of material fact, and the Defendants are entitled to judgment as a matter of law.   WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the claims against them.

Respectfully submitted,

TROY KING
Attorney General

/s/ Benjamin H. Albritton
Benjamin H. Albritton
Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have, this the 7th day of August, 2006, served a copy of the

foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid

and properly addressed as follows:

Ronnie Townsend, AIS# 121142
Donaldson Correctional Facility
100 Warrior Lane
Bessemer, AL  35023-7299


<u>/s/ Benjamin H. Albritton</u>
Benjamin H. Albritton
Assistant Attorney General