IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONNIE TOWNSEND, #121142, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-564-MHT |
| | ) |
| CAPTAIN ATWOOD, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION**

Upon consideration of the motion for production of documents filed by the plaintiff on September 28, 2006 (Court Doc. No. 13), and for good cause, it is

ORDERED that this motion be and is hereby GRANTED to the extent allowed by this order. It is further

ORDERED that:

1. The motion for production of documents be and is hereby DENIED to the extent that the plaintiff requests that the defendants be required to provide him with a copy of his medical file.

2. The motion be and is hereby GRANTED to the extent that the plaintiff seeks production of all statements and/or affidavits prepared by all correctional officers, including officer Atwood Edward, relative to the incident made the basis of the instant complaint.

3. On or before October 17, 2006, the defendants shall (i) file with the court and provide to the plaintiff copies of all documents and statements contained in the plaintiff's inmate file that reference the incident which forms the basis of the present complaint, and (ii) allow the plaintiff

to inspect and/or copy all documents contained in his medical file.  **The plaintiff is hereby informed that neither prison officials nor medical personnel are required to provide him with copies of documents without prepayment of all costs associated with producing the copies**.  **Thus, if the plaintiff seeks to obtain photocopies of documents contained in his records, he must make prepayment to the appropriate official of all costs related to producing the copies.**  The plaintiff is advised that: (i) he may utilize any means available to him to produce the requisite copies including but not limited to handwritten copies of the evidentiary materials he seeks to retain for himself and/or submit to this court; and (ii) he **must** procure any and all copies of the necessary documents upon being given access to such documents in accordance with this order.  **The plaintiff is therefore cautioned that no further orders will be entered requiring additional access to his records unless he is able to establish that exceptional circumstances warrant additional production of these documents**.

      The Clerk is DIRECTED to provide a copy of this order to the warden of the Donaldson Correctional Facility and to the supervisor of the health care unit at such facility.

      Done this 2nd day of October, 2006.

                                          /s/Charles S. Coody
                                          CHARLES S. COODY
                                          CHIEF UNITED STATES MAGISTRATE JUDGE