IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **RONNIE TOWNSEND** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**LT. WILLIE COPELAND, ET AL.** )<br>)<br>**Defendants.** )<br>)<br>) | 2:06-CV-564-MHT-CSC |

## SPECIAL REPORT

COME NOW the Defendants, Captain George Edwards and Sgt. Jimmy Taunton, by and through undersigned counsel, and in accordance with this Honorable Court's October 18, 2006, Order, offer the following written report.

## PARTIES

1. The Plaintiff, Ronnie Townsend, former inmate of the Alabama Prison System.

2. Defendant Willie Copeland is presently employed as a Correctional Officer Supervisor I with the Alabama Department of Corrections at the Staton Correctional Facility.

3. Defendant George Edwards is presently employed as a Correctional Officer Supervisor II with the Alabama Department of Corrections at the Staton Correctional Facility.

4. Defendant Jimmy Taunton is presently employed as a Correctional Officer II with the Alabama Department of Corrections at the Staton Correctional Facility.

**EXHIBITS**

EXHIBIT 1 – Affidavit of Captain George Edwards.

EXHIBIT 2 – Affidavit of Sgt. Jimmy Taunton

**PLAINTIFF'S CLAIMS**

Plaintiff admits that he was given a direct order to board a truck for farm duty. Complaint ¶ 4. Plaintiff further admits that he attempted to disobey that direct order by "arguing" with Lt. Copeland. Complaint ¶ 4. Plaintiff then claims that after entering the back of the truck, Lt. Copeland ordered the truck to leave causing Plaintiff to be thrown from the truck. Plaintiff further asserts that Lt. Copeland kicked plaintiff while plaintiff was on the ground and then delayed plaintiff's receipt of medical attention for approximately 1 hour. Plaintiff incorrectly states that the date of the incident was June 24, 2004, when in fact, the incident occurred one month earlier on May 24, 2004.

**DEFENDANTS' RESPONSE**

1. The Defendants deny that they violated the Plaintiff's constitutional rights.
2. The Defendants deny each and every material allegation not specifically admitted herein and demand strict proof thereof.
3. Plaintiff's claims are barred by the applicable statute of limitations.
4. The Plaintiff has failed to state a claim upon which relief may be granted.
5. The Defendants are immune from suit under the Eleventh Amendment to the United States Constitution.
6. The Defendants are immune from suit due to qualified immunity.
7. The Defendants are entitled to state agent immunity.

8.       The Defendants are entitled to sovereign immunity under Article 1, § 14 of the Alabama Constitution (1901).

## STATEMENT OF FACTS

On May 24, 2004, Plaintiff was assigned to Staton's Farm Squad #12. Inmates assigned to Farm Squads are instructed to report to the back gate at 7:00 each morning whether their squad checks out or not. On this day, Plaintiff failed to report to the back gate with his assigned squad. Lt. Copeland escorted Plaintiff from Plaintiff's assigned living quarters to the back gate. Inmates that miss their scheduled check out time are transported to their assigned squad via a state vehicle. Lt. Copeland ordered Plaintiff to get onto the state vehicle. Plaintiff got onto the vehicle with the assistance of Lt. Copeland. Once the vehicle began pulling off, Plaintiff leapt from the truck. After leaping from the truck, Plaintiff stated, "I told y'all I wasn't going to no damn farm!" Plaintiff was then returned back to the back gate sallyport area and was advised by Lt. Copeland that he would be receiving disciplinary action for failing to obey a direct order and intentionally creating a security, safety, or health hazard. At no time did Lt. Copeland kick plaintiff as alleged. See, Exhibits 1 & 2.

After jumping from the truck and being informed of disciplinary action being taken against him, Plaintiff was taken to the Health Care Unit for a body chart. Plaintiff was examined that same day, May 24, 2004, and found to be in good condition. A hearing was conducted on May 26, 2004, to address the disciplinary charges against Plaintiff. Plaintiff refused to sign a copy of the disciplinary report, refused to provide a written statement of events regarding the incident to the Hearing Officer, and despite being specifically asked by the hearing officer to provide a verbal statement of the

3

incident at the hearing, plaintiff refused to do so. Having completely failed to present any evidence whatsoever, despite being specifically requested to do so by the hearing officer, Plaintiff was found guilty of a major rules violation and disciplined accordingly. The findings against Plaintiff were entered on May 28, 2004. See, Exhibit 2 attached to the Special Report of Lt. Willie Copeland.

## ARGUMENT

Plaintiff's complaint was deemed filed by this court on June 24, 2006. All records demonstrate that the incident made the basis of Plaintiff's complaint occurred on May 24, 2004. Plaintiff has filed this action for personal injury on the basis of 42 U.S.C. §1983, Alabama's law of assault and battery, and Alabama's law of wantonness. As this court noted in *Tarver v. Robertson,* Not Reported in F.Supp.2d, 2005 WL 1331260 (M.D. Ala. 2005):

> While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Burnett v. Grattan,* 468 U.S. 42, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984). Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker,* 755 F.2d 1406. 1409 (11th Cir.1985). Alabama law provides that the applicable limitations period is the one in

> effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp.,* 399 So.2d 263, 269-70 (Ala.1981). *Dukes v. Smitherman,* 32 F.3d 535, 537 (11th Cir.1994). Alabama's general two year statute of limitations for personal injury actions is the most applicable to the case at bar. *Ala.Code* § 6-2-38(1). *See Owens v. Okure,* 488 U.S. 235, 249-250, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum,* 956 F.2d 1104, 1105 (11th Cir.1992).

*Tarver,* 2005 WL 1331260 at p. 1 (M.D. Ala. 2005). Plaintiff filed this cause of action two years and one month following the date of the incident made the basis of his complaint. Plaintiff's claims are barred by the applicable statute of limitations.

Assuming for the sake of argument that Plaintiff's claims are not time barred, the defendant is nonetheless entitled to summary judgment. To survive summary judgment, the plaintiff must produce some evidence supporting his constitutional claim. *See Celotex v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). He must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial." *Id.* at 324. A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout,* 65 F.3d 912 (11 Cir.1995); *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11 Cir.1984). Consequently, when a party fails to make a showing sufficient to establish the existence of an element

5

essential to that party's case, and on which that party will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex,* 477 U.S. at 322; *Barnes v. Southwest Forest Indus. Inc.,* 814 F.2d 607 (11 Cir.1987). Where all the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex,* 477 U.S. at 322; *Everett v. Napper,* 833 F.2d 1507, 1510 (11 Cir.1987). Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford,* 906 F.2d 667, 670 (11 Cir.1990).

Plaintiff's claims against these defendants in their official capacity must fail because they are entitled to immunity pursuant to the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment not only bars suits against a state by citizens of another state, but it also bars suits against a state by that state's own citizens. See *Edelman v. Jordan*, 415 U.S. at 663, 94 S. Ct at 1347 and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). Lt. Copeland was acting within the scope of his official duties in this instance on behalf of the State of Alabama. Therefore, Plaintiff brings suit against the State of Alabama. The State of Alabama has not waived its immunity or consented to the filing of such a suit. These defendants in their official capacity are absolutely immune from suit in this instance.

U.S. Const. amend. 11; Art. I, § 14, Ala. Const. (The State of Alabama shall never be made a defendant in any court of law or equity); see also *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (a claim against a state official in his official capacity is a claim against the state). All claims against these defendants in their official capacity are due to be dismissed. Plaintiff's claims against these defendants in their individual capacity fail based on qualified immunity, which "protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998), quoting *Lassiter v. Alabama A&M Univ., Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994). Monitoring, disciplining and restraining violent inmates are dangerous undertakings that require the use of discretion. Therefore, Plaintiff must allege a valid violation of his constitutional rights, and show that the Defendant knew that his actions violated clearly established law.

      Plaintiff's allegations of cruel and unusual punishment, at best show nothing more than *de minimis* force and injury. See, Body Chart, Exhibit 3 attached to the Special Report filed by Lt. Copeland. The only "fact" that Plaintiff alleges against Sgt. Taunton is that he drove off when ordered to do so by a superior officer. See, Exhibit 2. The Plaintiff has failed to prove any act or injury that rises to a constitutional violation of his rights as a prisoner. The Defendants are therefore entitled to qualified immunity.

      Plaintiff's claim that these defendants violated his Eighth Amendment rights is without merit. Plaintiff alleges without any supporting evidence whatsoever that Lt. Copeland and Capt. Edwards ordered the truck being driven by Sgt. Taunton to leave

causing Plaintiff to fall from the truck. Plaintiff further alleges that Lt. Copeland proceeded to kick Plaintiff while he was on the ground. All of the evidence in this matter, as well as all of the evidence gathered in the hearing on Plaintiff's disciplinary matter conclusively demonstrate that Plaintiff jumped from the truck in an effort to avoid work, and the allegation that Lt. Copeland kicked plaintiff is completely fabricated, as demonstrated in the Special Report filed by Lt. Copeland. Plaintiff makes no other factual allegations against these defendants at all that would suggest they exerted any force against Plaintiff.

To state a valid excessive force claim, an inmate's injuries need not be significant, but must be more than *de minimis*. *Harris v. Garner*, 190 F.3d 1279, 1287 (11th Cir.); modified in part by *Harris v. Garner*, 216 F. 3d 970 (2000). Plaintiff's Complaint alleges no injury upon which he can base a valid excessive force claim.

The Eleventh Circuit follows a two part test to determine whether a plaintiff has established a valid excessive force claim. *Lanier v. Fralic*, No. Civ.A.98-0923AHL, 2000 WL 1844679 *4 (11th Cir. 2000). The test has an objective and subjective component. Id. Plaintiff's excessive force claim cannot be maintained unless he establishes:

1.        That he suffered injury that was objectively harmful enough to establish a constitutional violation, and

2.        That subjectively, the defendants acted maliciously or sadistically to cause the plaintiff harm.

The Eleventh Circuit has observed that injuries resulting from similar usage of force alleged by Plaintiff are too minor to support the objective prong of the excessive force test. *Lanier* at *5 n.5. (citing as *de minimis* injuries: Markiewicz v. Washington,

1999 WL 196596 (7th Cir.1999) (a bruised shoulder from being shoved into a wall); *Siglar v. Hightower*, 112 F.3d 191 (5th Cir.1997) (a sore, bruised ear lasting three days); *Williams v. Dehay*, 1996 WL 128422 (4th Cir.1996) (transitory back and shoulder aches of limited duration); *Schoka v. Swinney*, 1995 WL 251126 (9th Cir.1995) (a 1.5 inch scratch on the back of the hand from handcuffs); *Riley v. Dotson*, 115 F.3d 1159 (4th Cir.1997) (a welt from a slap on the face); *Lunsford v. Bennett*, 17 F.3d 1574 (7th Cir.1994) (daily headaches without treatment from being hit with a water bucket); *Norman v. Taylor*, 25 F.3d 1259 (4th Cir.1994) (A sore and swollen thumb from being hit with keys)). See also *Santiago v. Semenza*, 965 F. Supp. 468, 472 (S.D.N.Y. 1997) (holding that an officer's striking an insubordinate prisoner in the face causing bruising was not excessive force). Plaintiff's allegations of injuries are *de minimis*, his excessive force claim fails and these defendants are entitled to summary judgment.

Additionally, Plaintiff has offered no evidence whatsoever to suggest that these defendants subjectively acted maliciously or sadistically. The only factual allegation against Sgt. Taunton was that he was the driver of the truck that pulled off when ordered to do so by his superior officer. Likewise, the only allegation against Captain Edwards is that he attempted to insure that Plaintiff report to his work detail as ordered despite Plaintiff's refusal to obey orders. There is simply nothing that Plaintiff has offered to indicate that these defendants subjectively acted maliciously or sadistically as is required by law.

## CONCLUSION

There are no genuine issues of material fact, and the Defendants are entitled to judgment as a matter of law.  WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the claims against them.

>Respectfully submitted,
>
>TROY KING
>Attorney General
>
>/s/ Benjamin H. Albritton
>Benjamin H. Albritton
>Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 2nd day of November, 2006, served a copy of the foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Ronnie Townsend, AIS# 121142
Donaldson Correctional Facility
100 Warrior Lane
Bessemer, AL  35023-7299

>/s/ Benjamin H. Albritton
>Benjamin H. Albritton
>Assistant Attorney General