IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONNIE TOWNSEND ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | 2:06-CV-564-MHT-CSC |
| LT. WILLIE COPELAND, ET AL. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## SUPPLEMENTAL SPECIAL REPORT

COME NOW the Defendants, Captain George Edwards and Sgt. Jimmy Taunton, by and through undersigned counsel, and in accordance with this Honorable Court's October 18, 2006, Order, offer the following supplement to their previously filed written report.

## PARTIES

1. The Plaintiff, Ronnie Townsend, former inmate of the Alabama Prison System.

2. Defendant Willie Copeland is presently employed as a Correctional Officer Supervisor I with the Alabama Department of Corrections at the Staton Correctional Facility.

3. Defendant George Edwards is presently employed as a Correctional Officer Supervisor II with the Alabama Department of Corrections at the Staton Correctional Facility.

4. Defendant Jimmy Taunton is presently employed as a Correctional Officer II with the Alabama Department of Corrections at the Staton Correctional Facility.

**SUPPLEMENTAL EXHIBIT**

EXHIBIT 1 – Affidavit of Jamie Oliver with exhibits.

(fax copy – original to be substituted)

**PLAINTIFF'S CLAIMS**

Plaintiff incorrectly states in his original complaint that the date of the incident was June 24, 2004, when in fact, the incident occurred one month earlier on May 24, 2004. The Defendants first raised the Statute of Limitations defense in early August of 2006. See, Document 7. Plaintiff was granted three extensions to respond the Defendants' Special Reports. Finally, on December 18, 2006, Plaintiff filed a Response to Defendants' Special Report (Document 28) that made no mention whatsoever regarding the Statute of Limitations defense raised, and an Additional Response to Defendants' Special Report that contains the unsupported allegation that "[t]he Defendant [sic] is mislead [sic] Court [sic] concerning the Statute of Limitations." On December 31, 2006, Plaintiff filed a Declaration of Mailing (Document 32) pursuant to this Court's December 14, 2006, Order (Document 31) stating that he ". . . did on May 22, 2006, at the inmate mailing system of W.E. Donaldson Correctional Facility mail a copy of the complaint by United States Mail postage pre-paid and properly addressed." The Plaintiff goes further to assert that the only copy he had in his possession to support this mailing was destroyed sometime in September of 2006. As the Court noted in its December 14, 2006, Order (Document 31), the envelope in which Plaintiff mailed his complaint was post marked June 23, 2006. The original complaint itself is not dated.

**DEFENDANTS' RESPONSE**

1.  Defendants reassert all previously asserted defenses and specifically restate that Plaintiff's claims are barred by the applicable statute of limitations.

**STATEMENT OF FACTS**

The Defendants first raised the Statute of Limitations defense in early August of 2006. See, Document 7. On December 18, 2006, Plaintiff filed a Response to Defendants' Special Report (Document 28) that made no mention whatsoever of the Statute of Limitations defense raised, and an Additional Response to Defendants' Special Report that contains a sole unsupported allegation that "[t]he Defendant [sic] is mislead [sic] Court [sic] concerning the Statute of Limitations." On December 31, 2006, Plaintiff filed a Declaration of Mailing (Document 32) pursuant to this Court's December 14, 2006 Order (Document 31) stating that he ". . . did on May 22, 2006, at the inmate mailing system of W.E. Donaldson Correctional Facility, mail a copy of the complaint by United States Mail postage pre-paid and properly addressed." The Plaintiff goes further to assert that the only copy he had in his possession to support this mailing was destroyed sometime in September of 2006. As the Court noted in its December 14, 2006 Order (Document 31), the envelope in which Plaintiff mailed his complaint was post marked June 23, 2006.

Legal Mail for an inmate is logged when the inmate requests that postage be added by the mailroom at the correctional facility. Exhibit 1. Inmates are allowed two free stamps per week. Exhibit 1. Legal Mail that requires free postage by the mail room is mailed every Friday. Exhibit 1. The mail logs for May, June and July have been reviewed and Plaintiff's name appears on the Friday June 23, 2006, log. Exhibit 1 and

attachment. There is no entry for Plaintiff in May of 2006. The metered postage on the envelope in which Plaintiff mailed his complaint bears the date June 23, 2006, and the meter number on the postmark corresponds with a postage meter at Donaldson Correctional Facility. The earliest Plaintiff could have delivered the complaint to the mail room for mailing would have been the week prior to June 23, 2006, or June 16, 2006, well after the Statute of Limitations had expired. Exhibit 1.

## ARGUMENT

Plaintiff has filed this action for personal injury on the basis of 42 U.S.C. §1983, Alabama's law of assault and battery, and Alabama's law of wantonness. As this court noted in *Tarver v. Robertson,* Not Reported in F.Supp.2d, 2005 WL 1331260 (M.D. Ala. 2005):

> While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Burnett v. Grattan,* 468 U.S. 42, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984). Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker,* 755 F.2d 1406. 1409 (11th Cir.1985). Alabama law provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action

4

>arose. *Tyson v. Johns Manville Sales Corp.,* 399 So.2d 263, 269-70 (Ala.1981). *Dukes v. Smitherman,* 32 F.3d 535, 537 (11th Cir.1994). Alabama's general two year statute of limitations for personal injury actions is the most applicable to the case at bar. *Ala.Code* § 6-2-38(1). *See Owens v. Okure,* 488 U.S. 235, 249-250, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum,* 956 F.2d 1104, 1105 (11th Cir.1992).

*Tarver,* 2005 WL 1331260 at p. 1 (M.D. Ala. 2005). Plaintiff filed this cause of action more than two years following the date of the incident made the basis of his complaint. Plaintiff's claims are barred by the applicable statute of limitations.

In *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the Supreme Court held that a notice of appeal by a pro se prisoner is filed when it is delivered to prison authorities for forwarding to the district court, rather than filing with the clerk of court. The central reasoning behind the *Houston* decision is the recognition of the disadvantages of an incarcerated pro se litigant for court filings such as the fact that they are unable to file personally in the clerk's office, they cannot utilize a private express carrier, and they cannot place a telephone call to ascertain whether a document mailed for filing arrived. The *Houston* Court sought to place pro se prisoners on equal footing with other litigants. *Houston* does not create an exception for a pro se inmate to evade time requirements, but states an equitable, standardized method for measuring time restrictions

so that requisite time limitations for filing do not preclude the incarcerated petitioner's equal access to the courts. *Garvey v. Vaughn*, 993 F.2d 776 (11th Cir. 1993). The Court also recognized that prison officials have procedures for recording the date and time that they receive inmates' papers for mailing and, therefore, are in a position to verify whether a prisoner delivered a document for mailing on a particular date. 487 U.S. at 275, 108 S.Ct. at 2384-85.

      Other circuits have concluded that *Houston* does not assist a pro se prisoner who delivers his court document for mailing to prison authorities after the statutory deadline has expired. *See Stajic v. I.N.S.,* 961 F.2d 403, 405 (2d Cir.1992) (per curiam) (declining to extend *Houston* to allow a pro se prisoner to file a petition after the statutory deadline in a deportation proceeding); *Smith v. Evans,* 853 F.2d 155, 162 (3d Cir.1988) (finding *Houston* unavailable to make a pro se federal prisoner's motion under Federal Rule of Civil Procedure 59(e) timely, when "[i]t is clear that when [the pro se prisoner] put his motion in the envelope (even before he gave it to prison authorities to mail) his motion was untimely."); *see also United States v. Locke,* 471 U.S. 84, 101, 105 S.Ct. 1785, 1796, 85 L.Ed.2d 64 (1985) ("Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced.").

      The Eleventh Circuit has expressly extended *Houston* to pro se prisoners filing complaints in section 1983 cases and claims under the Federal Tort Claims Act. *Garvey v. Vaughn*, 993 F.2d 776 (11th Cir. 1993). The *Garvey* Court held that the date of filing shall be that of delivery to prison officials of a complaint or other papers destined for

district court for the purpose of ascertaining timeliness. The mail logs for May, June and July were reviewed and Plaintiff's name appears on the Friday June 23, 2006, log. There is no entry for Plaintiff in May of 2006. The metered postage on the envelope in which Plaintiff mailed his complaint bears the date June 23, 2006, and the meter number on the postmark corresponds with a postage meter at Donaldson Correctional Facility. The earliest Plaintiff could have delivered the complaint to the mail room for mailing would have been the week prior to June 23, 2006, or June 16, 2006, well after the Statute of limitations had expired

## **CONCLUSION**

There are no genuine issues of material fact, and the Defendants are entitled to judgment as a matter of law. WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the claims against them.

> Respectfully submitted,
>
> TROY KING
> Attorney General
>
> /s/ Benjamin H. Albritton
> Benjamin H. Albritton
> Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

**CERTIFICATE OF SERVICE**

I hereby certify that I have, this the 2nd day of March, 2007, served a copy of the foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Ronnie Townsend, AIS# 121142
Donaldson Correctional Facility
100 Warrior Lane
Bessemer, AL  35023-7299

/s/ Benjamin H. Albritton
Benjamin H. Albritton
Assistant Attorney General