IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONNIE TOWNSEND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06cv564-MHT |
| | ) |
| COPELAND, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before this court on the issue of the date on which the plaintiff delivered his complaint to correctional officers for mailing. In his complaint, the plaintiff asserted "that on, or about June 24, 2004, the defendants caused him injury by subjecting him to cruel and unusual punishment in violation of the Eighth Amendment . . ." (Compl. at ¶ 1). In response to the plaintiff's complaint, the defendants asserted that the action was barred by the statute of limitations because the injury at issue occurred on May 24, 2006. According to the defendants, because it was not filed until June 26, 2006, the plaintiff's complaint is untimely.[1] The plaintiff concedes that the date of injury was May 24, 2004, but asserts that he delivered his complaint to prison officials on May 22, 2006, and thus, it is timely.[2]

It is undisputed that the complaint was due to be filed in this court no later than May 24, 2006. However, this Court did not physically receive the complaint until June 26, 2006.

---

[1] The law is clear that in section 1983 actions, Alabama's two-year personal injury statute of limitations is applicable. *See Owens v. Okure*, 488 U.S. 235 (1989); *see also Jones v. Preuit and Mauldin*, 876 F.2d 1480 (11th Cir. 1989); *Dukes v. Smitherman*, 32 F.3d 535 (11th Cir. 1994).

[2] The plaintiff asserts that the incorrect date was simply a clerical error.

An evidentiary hearing was held on March 20, 2007, to determine when the plaintiff delivered his complaint to prison authorities. For the reasons that follow, the court concludes that the plaintiff did not deliver his complaint to be mailed on May 22, 2006, but rather the complaint was delivered to prison officials for mailing some time during the week of June 23, 2006.

A pro se inmate's petition is deemed filed on the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). The plaintiff's complaint was stamped filed in this court on June 26, 2006, at 10:39 a.m.. Townsend did not date either the complaint or the accompanying motion to proceed *in forma pauperis*. The envelope containing the plaintiff's complaint is postmarked June 23, 2006.

At the evidentiary hearing, the plaintiff testified that he delivered his complaint to prison authorities for mailing at 5:00 a.m. on Monday, May 22, 2006, two days prior to the date on which the statute of limitations would expire. The plaintiff testified that he clearly remembers putting his complaint in the mail early that Monday morning. He also remembers using three of his personal stamps to mail the document.

Jamie Oliver, an administrative support assistant at Donaldson Correctional Facility, testified that when mail from the prison is sent using prepaid postage, the mail is posted daily. However, when inmates rely on their free postage to mail letters, that mail is only mailed once a week on Fridays. Oliver further testified that while the prison does not maintain a log of to whom outgoing mail is addressed, it does maintain a log of when inmates

2

use free postage. The prison logs reveal that the plaintiff did not utilize any free postage during the week of May 26, 2006. The prison mail log also reveals that, on June 23, 2006, the plaintiff used two free legal postage stamps.[3] The envelope the court received containing the plaintiff's complaint is postmarked June 23, 2006, by postage meter. There are no stamps on the envelope. Although the complaint was stamped "filed" in this court on June 26, 2006, the plaintiff was adamant that he placed his complaint in the prison mailing system on May 22, 2006.

Given this state of the evidence, it is necessary for the court to make findings of fact. In making its credibility determination, the court recognizes that it is improper to determine credibility based on the "status" of a witness. *United States v. Ramirez-Chilel,* 289 F.3d 744, 749 (11th Cir. 2002). Thus, Townsend's status as a convicted felon is not determinative. Rather, the court must weigh the testimony of the witnesses in light of all the facts, taking into account their interests, the consistencies or inconsistencies in their testimonies, and their demeanors on the stand. *Gallego v. United States*, 174 F.3d 1196, 1198 (11th Cir. 1999).

First, the court finds that Townsend did not mail his complaint in May 2006, but rather put the document in the outgoing legal mail box for mailing on Friday, June 23, 2006. Second, the court finds that Townsend's obvious interest in the outcome of this case militates strongly against his veracity while Oliver simply testified to what is contained within the prison mail logs. Third, a thorough review of the docket demonstrates that the court has

---

[3] The court takes judicial notice that both May 26, 2006 and June 23, 2006, are Fridays.

received each document mailed by Townsend within at least six days of his signing of a pleading or preparing of a certificate of service. *See* Docs. # 9, 11, 18, 25, 28, 29 and 32. Finally, the court has carefully considered the demeanor of Townsend during his testimony and does not credit his testimony that he vividly remembers placing the complaint in the mail at 5:00 a.m. on Monday, May 22, 2006 and that he used three of his personal stamps to mail the complaint. The envelope which the court received is post-marked June 23, 2006 and was mailed with metered postage, not with stamps. In short, after careful consideration of Townsend's demeanor, the court's own records and the other *Gallegos* factors as set out above, the court concludes that Townsend's testimony regarding his placement of the complaint in the prison mailing system on May 22, 2006 is not worthy of belief. Based on the court's credibility determination and the court's consequent findings of fact, the court concludes that the plaintiff's complaint was not delivered to prison officials for mailing until some time during the week of June 23, 2006.

Because the court concludes that the plaintiff's complaint was not delivered to prison officials for mailing until June 2006, the plaintiff's claims are barred by the statute of limitations. This lawsuit was filed on June 26, 2006. The plaintiff concedes that the deprivation of his constitutional rights occurred on May 24, 2004. The law is clear that Alabama's two-year personal injury statute of limitations is applicable to claims brought pursuant to 42 U.S.C. § 1983. *See Owens v. Okure*, 488 U.S. 235 (1989); *see also Jones v. Preuit & Mauldin*, 876 F.2d 1480 (11th Cir. 1989); *Dukes v. Smitherman*, 32 F.3d 535 (11th Cir. 1994). The plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Under 28 U.S.C. § 1915(e)(2), the court shall dismiss a case if the court determines that an action is frivolous or fails to state a claim upon which relief may be granted. In this circuit, claims barred by the statute of limitations may be dismissed under § 1915. *Clarke v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636 (11th Cir. 1990). The plaintiff's claims arose more than two years before the date he filed this complaint, and thus, his claims are barred by the statute of limitations.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915. It is further the RECOMMENDATION of the Magistrate Judge that costs be taxed against the plaintiff. Finally, it is

ORDERED that the parties shall file any objections to said Recommendation on or before **April 2, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 21st day of March, 2007.

                                      /s/Charles S. Coody
                                  CHARLES S. COODY
                                  CHIEF UNITED STATES MAGISTRATE JUDGE